UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                                  No. 03-4115

SHAWN D. WHITE,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
James C. Turk, Senior District Judge.
(CR-02-55)

Submitted: July 31, 2003

Decided: September 4, 2003

Before NIEMEYER, MICHAEL, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Thomas W. Farrell, Susan A. Waddell, WOOTENHART, P.L.C., Roanoke, Virginia, for Appellant. John L. Brownlee, United States Attorney, Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Shawn D. White appeals from a jury conviction and the resulting 148-month sentence for assault with a dangerous weapon, in violation of 18 U.S.C. § 111 (2000), and use or carry of a firearm during and in relation to a violent crime, in violation of 18 U.S.C. § 924(c) (2000). On appeal, he argues that: (1) there was insufficient evidence to corroborate his extrajudicial confession; (2) the district court abused its discretion in admitting testimony regarding his prior possession of a firearm; (3) the district court abused its discretion in denying his motion for a mistrial based on witnesses' testimony that White had threatened others with a firearm; and (4) at sentencing the district court improperly applied the guidelines. Finding no reversible error, we affirm.

On appeal, White first argues that the district court erred in denying his motion for judgment of acquittal based on the alleged lack of corroboration of his extrajudicial confession. Specifically, he contends that there was insufficient corroboration of his statement to Lillie Booth that he robbed the mailman. In reviewing the district court's denial of the defendant's motion for judgment of acquittal pursuant to Fed. R. Crim. P. 29, this court considers only whether there is substantial evidence which, taken in the light most favorable to the United States, would permit a jury to find that the defendant was guilty beyond a reasonable doubt. *United States v. MacCloskey*, 682 F.2d 468, 473 (4th Cir. 1982); *see also Glasser v. United States*, 315 U.S. 60, 80 (1942). In making this assessment, this court does not review the credibility of the witnesses and assumes the jury resolved all contradictions in the testimony in favor of the government. *United States v. Sun*, 278 F.3d 302, 313 (4th Cir. 2002).

In dealing with extrajudicial confessions, this court has held that a criminal conviction cannot validly rest solely upon an uncorroborated confession. *United States v. Hall*, 396 F.2d 841, 844-45 (4th Cir. 1968). Furthermore, this court has held that the confession must be corroborated by other evidence as to the corpus delicti. *United States v. Sapperstein*, 312 F.2d 694, 696-97 (4th Cir. 1963) (finding that certain testimony coupled with documentary proof far exceeded the min-

imal corroboration of guilty knowledge required to support the extrajudicial confessions). The Supreme Court, however, rejected the requirement that the corpus delicti be established with independent proof, in *Opper v. United States*, 348 U.S. 84, 93 (1954). In *Opper*, the Supreme Court made it clear that the evidence must merely tend to establish the trustworthiness of the confession. *Id.* The corroborating evidence is adequate if it "supports the essential facts admitted sufficiently to justify a jury inference of their truth." *Id.* Circumstantial evidence can be used to corroborate a confession. *United States v. Chimal*, 976 F.2d 608, 611 (10th Cir. 1992). We find that sufficient evidence supports the trustworthiness of the confession.

White next claims that the district court abused its discretion admitting evidence regarding his recent possession of a .357 magnum. Both Clarissa Burford and LaToya Davis testified that, two weeks prior to the robbery, they had seen White with the same type of firearm used in the robbery. White maintains that this evidence constitutes inadmissible "bad acts evidence." This court reviews a district court's determination of the admissibility of evidence under Fed. R. Evid. 404(b) for abuse of discretion. *United States v. Queen*, 132 F.3d 991, 995 (4th Cir. 1997). A district court will not be found to have abused its discretion unless its decision to admit evidence under Rule 404(b) was arbitrary or irrational. *See United States v. Haney*, 914 F.2d 602, 607 (4th Cir. 1990) (upholding admission of evidence of similar prior bank robberies). We find no abuse of discretion in the court's admission of this evidence.

White next argues that the district court erred in denying his motion for a mistrial. This court reviews the denial of a motion for mistrial for abuse of discretion. *United States v. Dorlouis*, 107 F.3d 248, 257 (4th Cir. 1997). White specifically maintains that he was prejudiced by Davis's and Burford's brief statements regarding the circumstances under which they witnessed White with a firearm. We find no abuse of discretion in the admission of this evidence.

Last, White alleges that at sentencing the district court improperly applied *U.S. Sentencing Guidelines Manual* § 2A2.2 and § 3A1.2(a) (2002). The district court's factual findings concerning sentencing factors are reviewed for clear error. *United States v. France*, 164 F.3d 203, 209 (4th Cir. 1998). Its legal determinations are reviewed de

novo. *Id.* We have reviewed White's arguments and find no error in the court's application of these guidelines to the facts of this case.

Accordingly, we affirm White's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*