In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-3879

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

LORENZO TAVAREZ,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 08 CR 102—**William T. Lawrence**, *Judge.*

ARGUED SEPTEMBER 21, 2010—DECIDED NOVEMBER 15, 2010

Before BAUER, SYKES, and HAMILTON, *Circuit Judges.*

HAMILTON, *Circuit Judge.* Based on information pro-
vided by a confidential informant, appellant Lorenzo
Tavarez was arrested and charged with two counts of
distributing methamphetamine. Despite the informant's
unexplained absence at trial, a jury convicted Tavarez
on all charges. Tavarez now argues that the district court
erred by refusing to give the jury a requested "missing
witness" instruction and that, without the informant's

testimony, the evidence was insufficient to sustain his conviction. We affirm.

*Background*

In early 2008, a confidential informant advised law enforcement that Tavarez was selling methamphetamine. To help corroborate this information and build a criminal case against Tavarez, the informant was asked to make two controlled drug buys at Tavarez's apartment while under police surveillance. Prior to each controlled buy, a law enforcement officer searched the informant and her car to make sure she was not hiding any guns, money, or drugs of her own. Each time, the informant entered Tavarez's apartment building, spent a short time inside, then returned with a quantity of methamphetamine. No money changed hands during the first buy; the informant was instructed to pay for the drugs during the second buy and a follow-up visit using $6,000 in cash provided by law enforcement.

Tavarez was charged with two counts of distributing 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii). Before he could be tried, the confidential informant disappeared without a trace. Attempts by both the prosecution and the defense to locate her were unsuccessful. This was problematic, of course; only the informant had seen exactly what had occurred during the controlled buys, leaving the government with only circumstantial evidence against Tavarez. This circumstantial evidence proved to

be enough, however, for a jury to convict Tavarez on both counts of the indictment. Tavarez now appeals.

*Missing Witness Instruction*

Tavarez first argues that the district court erred by refusing to give the jury what is known as a "missing witness" instruction. Tavarez requested that the court give this instruction telling the jury that it could infer from the informant's absence that the informant would have provided information unfavorable to the government's case. The district court declined to provide this instruction, reasoning that the informant was equally unavailable to both the prosecution and the defense. Generally, our review of a decision whether or not to give a particular jury instruction is for an abuse of discretion. *United States v. Macedo*, 406 F.3d 778, 787 (7th Cir. 2005). The district court declined to give the missing witness instruction because it concluded that such an instruction was inappropriate as a matter of law, however, so our review is de novo. *Id.*

The missing witness instruction is disfavored in this circuit, but a district court has discretion to give it in unusual circumstances. See *United States v. DiSantis*, 565 F.3d 354, 364 (7th Cir. 2009), citing *United States v. Brock*, 417 F.3d 692, 699 (7th Cir. 2005). Before the accused in a criminal case would be entitled to the instruction, he would need to show (1) that if called, the witness would have been able to provide relevant, non-cumulative testimony on an issue in the case; and (2) that the witness was peculiarly in the other party's

power to produce. *United States v. Mahone*, 537 F.2d 922, 926-27 (7th Cir. 1976).[1]

The first element was satisfied here. Only the confidential informant actually observed what happened during the controlled buys. Her testimony regarding those observations certainly would have been relevant. Cf. *Mahone*, 537 F.2d at 927 (noting that a missing witness instruction is inappropriate if the witness's testimony is either cumulative or irrelevant).

The second element, however, simply cannot be met when a confidential informant disappears and cannot be located by either party. A witness is peculiarly within a party's power to produce if she either (1) is physically available to only that party; or (2) has such a relationship with one party as to effectively make her unavailable to the opposing party, regardless of actual physical availability. *Id.* at 926. Here the informant was physically unavailable to both the government and Tavarez—both parties tried and failed to locate her. See, *e.g.*, *United States v. Easley*, 977 F.2d 283, 286 (7th Cir.

---

[1] We have often described the first element as requiring that the witness have been able to "elucidate" an issue at trial. *E.g.*, *United States v. Christ*, 513 F.3d 762, 773 (7th Cir. 2008). The verb has stuck during the more than one hundred years since the Supreme Court first used it in this context. See *Graves v. United States*, 150 U.S. 118, 121 (1893) (reversing criminal conviction where government had commented on defendant's supposed failure to bring his wife to court so she could be identified by government witnesses).

1992) ("The rule is that a defendant is not entitled to a 'missing witness' instruction where a government witness is equally unavailable to the opposing parties."); *United States v. Pizarro*, 717 F.2d 336, 346 (7th Cir. 1983) (noting that missing witness instruction is inappropriate if the witness was physically unavailable to both parties). And a witness's status as a confidential informant does not necessarily give rise to a sufficient relationship with the government so as to render her unavailable to the defense. See *United States v. Rollins*, 862 F.2d 1282, 1298 (7th Cir. 1988), citing *United States v. Bramble*, 680 F.2d 590 (9th Cir. 1982), among other cases; see also *United States v. Addo*, 989 F.2d 238, 242 (7th Cir. 1993) (rejecting assertion that "a witness who is unavailable to either party is deemed in the control of one party . . . simply because the witness has a bias towards that party"). That is true even when, as was the case here, the government never provided the informant's contact information to the defense. See *Pizarro*, 717 F.2d at 343, 346 (upholding denial of missing witness instruction where informant's absence was not caused by government misconduct, even though government had refused to disclose that witness's contact information).

Tavarez failed to show that the confidential informant was available only to the government. The district court therefore did not err by refusing the missing witness instruction.

*Sufficiency of the Evidence*

Tavarez argues that the evidence presented at trial was insufficient to allow a jury to convict him beyond a reasonable doubt. This argument is also based on the confidential informant's absence at trial. None of the witnesses actually saw Tavarez physically deliver methamphetamine to the confidential informant. They only saw the informant enter the apartment and return some time later with methamphetamine. Further complicating matters, Tavarez points out, is the fact that he was not the only person who lived in the apartment. He shared it with his girlfriend.

Tavarez preserved this argument by moving for a judgment of acquittal at the close of the prosecution's case, so our review is de novo. *United States v. Dalhouse*, 534 F.3d 803, 807 (7th Cir. 2008); *United States v. Meadows*, 91 F.3d 851, 854 (7th Cir. 1996). An appellant who challenges the sufficiency of the evidence underlying his conviction must show that no reasonable jury could have found his guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). All reasonable inferences from the evidence are to be drawn in the government's favor. *United States v. Gardner*, 238 F.3d 878, 879 (7th Cir. 2001). We will neither reweigh the evidence nor second-guess the jury's credibility determinations. *Id.* It is irrelevant whether we ourselves would have voted to convict on the evidence presented—we have no authority to usurp the jury's function as finder of fact, particularly where we base our review on the proverbially cold record. The

appellant's burden is a heavy one, but not an impossible one.[2]

We conclude that the jury could reasonably reach its guilty verdict on the circumstantial evidence presented here. The informant was seen going into Tavarez's apartment building for each controlled buy. A surveillance video introduced at trial showed the informant entering the building with Tavarez before the second controlled buy. Although it is undisputed that Tavarez shared his apartment with his girlfriend, nothing in the transcript indicates whether his girlfriend was or was not present in the apartment during either of the controlled buys. When law enforcement searched Tavarez's apartment, they discovered most of the buy money ($4,200) inside some men's suit jackets hanging in the master bedroom closet. Most important, Tavarez's fingerprint was found on one of the bags of drugs the confidential informant provided to law enforcement. From this evidence, it was reasonable to find beyond a reasonable doubt that the

---

[2] We have often said that a defendant arguing insufficiency of the evidence faces a "nearly insurmountable" burden. *E.g.*, *United States v. Warren*, 593 F.3d 540, 546 (7th Cir. 2010). The phrase should not be understood as implying that an appellate court will unthinkingly affirm a conviction on even the weakest of evidence. The standard of review makes it difficult for a convicted defendant to prevail on this ground. But that difficulty only emphasizes how important it is for a reviewing court to review the entire trial record to ensure that the record taken as a whole could justify a finding of guilt beyond a reasonable doubt.

informant purchased methamphetamine from Tavarez as instructed, that Tavarez had left his fingerprint on the bag of drugs during the course of that sale, and that Tavarez had hidden the buy money in his own clothing for safekeeping.

The case against Tavarez was not overwhelming. We can imagine innocent explanations for the fingerprint and the buy money in the men's clothing. But the ability to imagine an innocent explanation is not equivalent to harboring reasonable doubt. This circumstantial evidence was not so weak as to preclude a guilty verdict.

AFFIRMED.