11-2865-cr (L)
United States v. Krikheli

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of February, two thousand twelve.

PRESENT: ROBERT D. SACK,
             REENA RAGGI,
             DENNY CHIN,
                *Circuit Judges.*

--------------------------------------------------------------------------------
UNITED STATES OF AMERICA,
             *Appellee*,

       v.                              Nos. 11-2865-cr (L),
                                        11-2869-cr (Con)

ILYA KRIKHELI, RACHEL KRIKHELI,
             *Defendants-Appellants*,

AMIT SRIVASTAVA, MUHAMMAD BAJWA,
             *Defendants*.[*]
--------------------------------------------------------------------------------

APPEARING FOR APPELLANTS:    ANDREW CITRON, Esq., New York, New York.

APPEARING FOR APPELLEE:    CHARLES KLEINBERG (Susan Corkery, Paul A. Tuchmann, *on the brief*), Assistant United States Attorneys, Of Counsel, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

---

[*] The Clerk of Court is directed to amend the caption as shown above.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Sandra L. Townes, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgments entered on July 11 and 12, 2011, are AFFIRMED.

Defendants Ilya and Rachel Krikheli challenge their convictions after trial on three counts of Medicare fraud, see 42 U.S.C. § 1320a-7b(b)(1)(B), (2)(A), arguing that the evidence was insufficient to support conviction and that erroneous evidentiary rulings and an inadequate jury charge denied them a fair trial. We assume familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.     Sufficiency of the Evidence

The Krikhelis submit that the trial evidence was insufficient to prove a fraudulent scheme to pay bribes and receive kickbacks in connection with referrals to persons who would provide services paid with Medicare funds. They contend that the evidence showed only that they advertised or recommended the services of Eric Hagerbrant, the owner of a diagnostic imaging company, to physicians who then exercised independent judgment in making referrals. See United States v. Miles, 360 F.3d 472, 479–81 (5th Cir. 2004) (holding that medical provider could not be convicted under 42 U.S.C. § 1320a-7b(b)(2)(A) merely for hiring agency to send advertisements and promotional materials to physicians, and then paying agency for each patient referred). Assuming, without deciding, that this court would construe § 1320a-7b(b)(2)(A) as the Fifth Circuit did in Miles, the Krikhelis' sufficiency challenge fails on the merits.

Although sufficiency review is <u>de novo</u>, we consider the evidence in the light most favorable to the prosecution, and we will not reverse as long as any reasonable jury could have returned the challenged verdict on that evidence. <u>See</u> <u>United States v. O'Connor</u>, 650 F.3d 839, 855 (2d Cir. 2011), <u>cert. denied</u>, --- S. Ct. ----, 2012 WL 33729 (2012). Here, audio and video recordings demonstrated that the Krikhelis did not simply advertise or recommend Hagerbrant's services to physicians, but directly paid physicians or indirectly paid them through middlemen, such as co-defendants Bajwa and Srivastava, to induce referrals to Hagerbrant. That conduct is plainly proscribed by § 1320a-7b(b)(2)(A). Further, similar recorded evidence showed that the Krikhelis solicited and received payments from Hagerbrant in exchange for orchestrating the fraudulent scheme, conduct proscribed by § 1320a-7b(b)(1)(B). Such evidence distinguishes this case from <u>Miles</u> and sufficed to permit a reasonable jury to find defendants guilty on the counts of conviction.

The Krikhelis further contend that their inculpatory statements to Hagerbrant, then a government informant, about an uncharged kickback scheme involving their own diagnostic imaging facility should have been excluded because they were uncorroborated. This argument appears to derive from <u>Smith v. United States</u>, 348 U.S. 147, 152–53 (1954), and <u>Opper v. United States</u>, 348 U.S. 84, 90–91 (1954), which in some circumstances prohibit conviction of a defendant based solely on uncorroborated statements to law enforcement officers, <u>see</u> <u>United States v. Simmons</u>, 923 F.2d 934, 954 (2d Cir. 1991).[1] <u>Smith</u> and <u>Opper</u>

[1] To the extent <u>Smith</u> and <u>Opper</u> require corroboration to prevent juries from convicting on the basis of untrustworthy evidence, those decisions focused only on

3

are inapposite, however, insofar as the statements in question here concern <u>uncharged</u> conduct. Moreover, the Krikhelis' inculpatory statements were not made after commission of the crime in response to police interrogation, but during the crime to a person whom they believed, albeit mistakenly, to be a confederate in furtherance of their conspiracy. In the context of a co-conspirator statement, when defendants' inculpatory statements were made "to further the ends of [a] . . . criminal enterprise, it is irrelevant whether their admissions were corroborated by additional evidence." <u>Id.</u>

2. <u>Evidentiary Rulings</u>

We review evidentiary challenges only for abuse of discretion, and identify none here. <u>See</u> <u>United States v. Simels</u>, 654 F.3d 161, 168 (2d Cir. 2011).

a. <u>Bad Act Evidence</u>

Defendants complain that the district court erred in allowing the government to reference, and the jury to consider, uncharged bad act evidence, specifically, their recorded statements admitting kickbacks for referrals to their own diagnostic imaging facility. To the extent the prosecution committed itself before trial to limited use of such evidence, the record shows that the district court sustained objections and gave appropriate limiting instructions whenever the prosecution reached beyond its commitment. In these circumstances, and in

"statements made to law enforcement officers after the commission of the crime" because of the pressure of police interrogation. <u>United States v. Simmons</u>, 923 F.2d 934, 954 (2d Cir. 1991). We have no occasion here to consider the extent to which this concern has been assuaged by <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), and its progeny. <u>See</u> <u>United States v. Brown</u>, 617 F.3d 857, 861–62 (6th Cir. 2010); <u>United States v. Dalhouse</u>, 534 F.3d 803, 806 (7th Cir. 2008); <u>United States v. Dickerson</u>, 163 F.3d 639, 641 n.2 (D.C. Cir. 1999).

light of the overwhelming evidence of defendants' guilt, we identify no prejudice warranting reversal. See United States v. Elias, 285 F.3d 183, 190 (2d Cir. 2002) (identifying (1) severity of misconduct, (2) curative measures adopted, and (3) certainty of conviction notwithstanding misconduct as relevant factors in assessing prosecutorial misconduct). In any event, Rachel Krikheli's own trial testimony put into question the issues of defendants' opportunity and intent to commit the charged crime, at which point the district court permissibly allowed the jury to consider the other act evidence for this limited purpose. See Fed. R. Evid. 404(b); United States v. Edwards, 342 F.3d 168, 177–78 (2d Cir. 2003).

b. Lay Opinion Testimony

The Krikhelis complain that the district court improperly allowed Hagerbrant to offer lay opinion testimony as to the meaning of words and terms used by defendants in their recorded conversations with him. See Fed. R. Evid. 701. We need not decide whether the argument was properly preserved below because, even if we were to resolve that question in the Krikhelis' favor, they fail to show abuse of discretion. The prosecution did not contend that the words and terms at issue were coded. Cf. United States v. Garcia, 291 F.3d 127, 140–42 (2d Cir. 2002) (requiring government to lay foundation for witnesses's knowledge that words with plain meaning were, in fact, being used as code for drug trafficking). At most, they were terms of art, and the prosecution laid an adequate foundation for Hagerbrant to testify as to what he understood the Krikhelis to mean by eliciting Hagerbrant's lengthy experience in the diagnostic imaging industry. In these circumstances, the district court permissibly admitted the opinion testimony. See United States v. Ferguson,

5

--- F.3d ----, 2011 WL 6351862, at *24 & n.42 (2d Cir. 2011) (holding that cooperating witnesses' testimony about meaning of terms used by defendants was admissible because it explained meaning of "jargon" based on witnesses' industry experience).

3.     Jury Instructions

The Krikhelis complain of the district court's failure to give their proposed charge that conviction under § 1320a-7b(b)(1)(B), (2)(A) required them to have made payments to "a person with the ability to refer patients for the above services," and not to a person who could only "recommend to another person who is a decision maker" respecting the referral. Appellants' Br. 17. We review challenged jury instructions de novo, and we will reverse only if the instructions, viewed as a whole, prejudiced defendants. See United States v. Bahel, 662 F.3d 610, 634 (2d Cir. 2011). In conducting such review, we are mindful that defendants are not entitled to demand that particular language be used to charge the jury as long as the applicable principles of law are correctly stated. See United States v. Banki, 660 F.3d 665, 671 (2d Cir. 2011).

Here, the district court instructed the jury that defendants could be found guilty only on proof beyond a reasonable doubt that "one purpose of the offer or payment [at issue] was to induce a person to refer patients to another," and that "[t]o induce a person means to attempt to gain influence over the reason or judgment of that person." Trial Tr. at 1287. Further, the prosecution had to prove "that the remuneration was offered or paid as a quid pro quo in return for the referring of the patient." Id. These instructions accurately described the law and assuaged defendants' concern that they not be convicted simply for paying

6

middlemen to recommend Hagerbrant's services to physicians who would make independent referral decisions, as in <u>Miles</u>.  Instead, the instructions made clear that the government was required to prove that any payments to middlemen were made to induce referrals in a <u>quid pro quo</u> transaction.

4.    <u>Conclusion</u>

We have considered defendants' remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgments of conviction are AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court