# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

June 6, 2012

**Before**

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

| | |
|---|---|
| Nos. 08-1879 & 08-1880 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| | No. 05 CR 254 |
| v. | |
| | Milton I. Shadur, |
| AMIR HOSSEINI and HOSSEIN OBAEI, *Defendants-Appellants*. | *Judge*. |

**O R D E R**

**IT IS HEREBY ORDERED** that the opinion dated May 7, 2012, shall be amended as follows:

The last paragraph on page 6 and the following, full paragraph on page 7 are amended to read:

> This argument about the meaning of "proceeds" in the money-laundering statute is new on appeal. To preserve a challenge to the sufficiency of the evidence, a defendant must move for a judgment of acquittal in the trial court. *United States v. Tavarez*, 626 F.3d 902, 906 (7th Cir. 2010). Both defendants did so here; they moved for judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure at the close of the government's case, and they renewed their motions at the close of evidence and again after the verdict. But they never raised the "proceeds" issue;

instead, their Rule 29 motions identified other grounds for acquittal. For example, they argued that selling cars to drug dealers was not evidence of a RICO enterprise or a RICO or money-laundering conspiracy. Obaei also argued that the evidence was insufficient to find him guilty of aiding and abetting a drug conspiracy.

As a general matter, and unlike its analogue in the Federal Rules of Civil Procedure, Rule 29 of the Federal Rules of Criminal Procedure does not require specificity when moving for a judgment of acquittal. *Compare* FED. R. CRIM. P. 29 *with* FED. R. CIV. P. 50(a)(2) (motions for judgment as a matter of law "must specify the judgment sought and the law and facts that entitle the movant to the judgment"). But we have held that a defendant's choice to raise specific arguments and omit others in a Rule 29 motion has consequences on appeal. We have held that when a defendant challenges the sufficiency of the evidence by motion for judgment of acquittal and makes specific arguments in support of that motion, any arguments omitted are thereby forfeited. *See United States v. Groves*, 470 F.3d 311, 324 (7th Cir. 2006) (citing *United States v. Moore*, 363 F.3d 631, 637 (7th Cir. 2004) ("[W]hen . . . a [Rule 29] motion raises specific arguments, any claims not presented in the motion are waived."), *vacated on other grounds sub nom. Young v. United States*, 543 U.S. 1100 (2005)). We might alternatively construe the "proceeds" argument as a claim of instructional error. But neither defendant raised the definition of "proceeds" as a ground of objection to the jury instructions.