**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued December 11, 2012
Decided March 26, 2013

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 12-1643 | Appeal from the United States District Court for the |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Northern District of Indiana, South Bend Division. |
| *v.* | No. 3:11-CR-00056(01)RM |
| SHAUN BROOKS, JR., *Defendant-Appellant*. | Robert L. Miller, Jr., *Judge*. |

**O R D E R**

A jury found Shaun Brooks guilty of possessing a 9mm handgun in furtherance of a drug-trafficking offense, 18 U.S.C. § 924(c); possessing that gun or a .40-caliber handgun after a felony conviction, *id.* § 922(g)(1); and possessing one or both of those same firearms while being an unlawful user of controlled substances, *id.* § 922(g)(3). The district court sentenced Brooks to consecutive terms of 75 months on each of the § 922(g) counts and the statutory minimum sentence of 60 months on the § 924(c) count. On appeal Brooks argues that the evidence was insufficient to convict him on the § 924(c) count because the government relied on his uncorroborated confession. He also argues—and the government concedes—that the sentences on the § 922(g) counts are multiplicitous. We reject Brooks's challenge to the § 924(c) conviction but agree that Brooks cannot be convicted and sentenced on both § 922(g) counts.

## I. Background

On May 18, 2010, Danielle Hughes called the police in Warsaw, Indiana, asking for help in removing Shaun Brooks from her apartment. Brooks was a frequent visitor—they often used methamphetamine together—but on this visit they had an argument and Brooks threatened to kill her. The police arrived and arrested Brooks on an outstanding warrant after Hughes gave them consent to enter the apartment. The officers seized two portable safes from the apartment with Hughes's permission; she said they belonged to Brooks.

The police interviewed Brooks the day after his arrest. He admitted to owning one of the safes confiscated from Hughes's apartment and gave the police permission to search it. The safe contained a number of Brooks's personal items, as well as plastic baggies and lighters, but no drugs or weapons. The police obtained a search warrant for the second safe and found two loaded firearms inside: a Hi-Point .40-caliber handgun and an Intratec 9mm. The latter firearm resembles a submachine gun and is commonly known as a "TEC-9."

James Vance, a police officer who served on a Federal Task Force for the Bureau of Alcohol, Tobacco, Firearms and Explosives, interviewed Brooks three weeks after his arrest. During that interview, which was recorded, Brooks admitted the guns were his. He said that he received the TEC-9 in a "swap" in mid-2009. He eventually confirmed that he traded drugs for the gun; after some prodding, he said the price was "a half pound of weed," which he estimated had a street value of $350. Brooks also said the .40-caliber handgun had been "just pretty much given" to him in early 2010. Vance pressed him for specifics, asking, "Was that again for some drugs or what?" and "What was the amount for that?" Brooks replied: "I don't even know. I paid for a while on it."

A grand jury indicted Brooks on four counts: possession of the TEC-9 in furtherance of a drug-trafficking crime, 18 U.S.C. § 924(c); possession of the Hi-Point .40-caliber handgun in furtherance of a drug-trafficking crime, *id.*; possession of a firearm after a felony conviction, *id.* § 922(g)(1); and possession of a firearm while being an unlawful user of controlled substances, *id.* § 922(g)(3). For the § 922(g) counts, the indictment identified a general time frame of "[i]n or around 2009 – May 2010" but did not specify a particular gun in either count.

At trial Vance and two Warsaw police officers testified about the phone call from Hughes, Brooks's arrest, and the two jailhouse interviews. The jury also heard a redacted recording of Brooks's interview with Vance. Brooks stipulated that he had previously been convicted of a felony crime punishable by more than one year imprisonment and also that both guns had traveled in interstate commerce.

Hughes also testified, filling in the details leading up to Brooks's arrest. She reported smoking methamphetamine with him "pretty much every time we were around each other." She testified that throughout the fall of 2009, she had driven Brooks to multiple houses in the area, usually at night, and that he would enter each house and return to the car soon afterwards. She said he carried one or two hundred dollars in cash during these car trips, but she did not know if he had the money before he entered the houses or what he did inside the houses. Hughes also testified that Brooks kept a handgun under the passenger's seat during these car trips; she identified the .40-caliber Hi-Point found in the second safe as the gun that she saw in the car. She also said that in October 2009 she drove Brooks to a probation meeting where police conducted a search and found 25 ounces of cocaine in her car. Finally, she explained that she had allowed Brooks to stay at her apartment the night before he was arrested, but called the police on the morning of May 18 after arguing with him over a missed court appearance. Hughes told the jury that the two safes recovered from her apartment belonged to Brooks and that he had brought them to the apartment the day before his arrest.

The government also called Hughes's sister Ashley and her roommate Richard Rickard, both of whom testified that they had smoked methamphetamine with Brooks. Ashley also testified that the two safes recovered from her sister's apartment belonged to Brooks.

At the close of the evidence, Brooks's attorney moved for a judgment of acquittal on the § 924(c) charges, arguing that the government had failed to corroborate Brooks's confession that he swapped drugs for the TEC-9 and that an uncorroborated confession is not sufficient evidence of guilt. The district judge denied the motion. The judge then instructed the jury on the two § 924(c) counts, each pertaining to a separate gun. Regarding the § 922(g) counts, the judge explained that to find Brooks guilty, the jury had to find that Brooks was a member of a class prohibited from possessing firearms—that is, that he was a felon or drug user—and that he knowingly possessed a firearm. As we have noted, the indictment did not link these counts to a particular gun, and the jury was not asked to return a special verdict specifying which firearm he possessed in violation of § 922(g).

The jury convicted Brooks of possessing the TEC-9 in furtherance of a drug-trafficking offense but acquitted him on the other § 924(c) count. The jury returned guilty verdicts on both § 922(g) counts. The judge imposed a total sentence of 210 months: consecutive terms of 75 months for the two § 922(g) convictions plus the statutory minimum of 60 months for the § 924(c) conviction, also consecutive.

## II. Analysis

On appeal Brooks contends that the government failed to introduce evidence corroborating his confession that he traded drugs for the TEC-9 firearm. A defendant's uncorroborated confession, standing alone, is insufficient to support a conviction. *United States v. Dalhouse*, 534 F.3d 803, 807 (7th Cir. 2008). Under the corroboration rule, the government must provide "substantial independent evidence which would tend to establish the trustworthiness of the statement." *Opper v. United States*, 348 U.S. 84, 93 (1954); *see Wong Sun v. United States*, 371 U.S. 471, 488–89 (1963); *Smith v. United States*, 348 U.S. 147, 156 (1954); *Dalhouse*, 534 F.3d at 806. The government can meet this burden by introducing evidence that supports some of the confession's key assertions, which suffices to give the jury an evidentiary basis to find that statement as a whole is trustworthy. *Smith,* 348 U.S. at 156; *Dalhouse*, 534 F.3d at 806.

In his interview with Vance, Brooks admitted that he traded marijuana valued at $350 for the TEC-9. That is a confession to violating § 924(c); a defendant who receives a gun in exchange for drugs takes possession of the firearm in furtherance of a drug-trafficking crime. *See United States v. Doody*, 600 F.3d 752, 755 (7th Cir. 2010); *United States v. Mahan*, 586 F.3d 1185, 1188 (9th Cir. 2009) (holding that trading drugs for a gun violates the "in furtherance of" prong of § 924(c)); *United States v. Luke-Sanchez*, 483 F.3d 703, 706 (10th Cir. 2007) (same); *United States v. Frederick*, 406 F.3d 754, 764 (6th Cir. 2005) (same).

Brooks insists that the prosecution had to produce independent evidence to corroborate the swap, but he overstates the requirement of corroboration. The corroboration rule exists to protect defendants from being convicted on the basis of false confessions to crimes that never occurred; this objective is met when the government presents evidence showing that the defendant's statement as a whole is trustworthy. This is so even when the government relies on the confession to prove an element of the crime for which it otherwise lacks independent evidence. *Dalhouse*, 534 F.3d at 805–06.

Here, substantial independent evidence demonstrates the trustworthiness of Brooks's confession. First, the recovery of the TEC-9 in Brooks's safe independently corroborates his confession. *See United States v. Smallwood*, 188 F.3d 905, 910, 913 (7th Cir. 1999) (explaining that recovery of rifle in sister's apartment corroborated confession to jailhouse informants that defendant owned gun); *United States v. Jackson,* 103 F.3d 561, 568 (7th Cir. 1996) (concluding that recovery of gun during search corroborated defendant's statement that coconspirator had left gun at defendant's house for safekeeping). As the Eighth Circuit has explained, "the simple fact that [the defendant] had a handgun in his possession, approximately two months after [he] admitted exchanging drugs for a handgun, adds significant credibility to his confession." *United States v. Kirk*, 528 F.3d 1102, 1113 (8th

Cir. 2008) (upholding § 924(c) conviction because recovery of marijuana and handgun on defendant's person corroborated his confession of trading one ounce of marijuana for gun). Second, Hughes, her roommate, and her sister all testified about Brooks's heavy methamphetamine use, and Hughes also testified about his frequent houseto-house travel at night during the fall of 2009. She said he carried cash and a gun during these car trips, supporting a reasonable inference that this activity involved drug trafficking. This evidence is enough to allay any concern that Brooks may have falsely confessed to involvement in the drug trade and swapped drugs for a gun. The government satisfied the corroboration rule. *Dalhouse*, 534 F.3d at 806; *see Jackson*, 103 F.3d at 568 (explaining that physical evidence such as money, drugs, and digital scale corroborated defendant's admission of drug dealing).

Next, Brooks argues—and the government concedes—that the district court plainly erred by sentencing him for both § 922(g) offenses. We accept the confession of error. Convictions under § 922(g) must be based on discrete incidents of gun possession, not membership in multiple groups disqualified from possession. *United States v. Parker*, 508 F.3d 434, 440 (7th Cir. 2007) (overturning two § 922(g) convictions where drug-using felon was charged with possessing one gun); *United States v. Buchmeier*, 255 F.3d 415, 423 (7th Cir. 2001) (explaining that simultaneous acquisition of seven guns could support only one § 922(g) conviction); *United States v. McKinney*, 919 F.2d 405, 417–18 (7th Cir. 1990) (determining that defendant could not receive separate sentences where government did not show that his six guns were used, stored, or acquired separately). Although two guns were found in the second safe, Brooks was not charged separately under § 922(g) for each gun. *See United States v. Conley*, 291 F.3d 464, 470–71 (7th Cir. 2002) (concluding that two § 922(g) charges were not multiplicitous where indictment charged defendant with possessing one gun during two discrete time periods). The jury was not asked to return a special verdict and therefore might have found Brooks guilty based on possession of a single gun and his status as both a felon and a drug user, which would be impermissibly multiplicitous. *See Parker*, 508 F.3d at 440; *United States v. Cappas*, 29 F.3d 1187, 1195 (7th Cir. 1994) (merging convictions because instructions impermissibly allowed jury to find defendant guilty on three § 924(c) counts based on one underlying drug-trafficking crime).

Accordingly, Brooks must be resentenced based on a restructured judgment reflecting two counts of conviction, not three: the § 924(c) count involving the TEC-9 and a single § 922(g) count. *See United States v. Barnes*, 660 F.3d 1000, 1007 (7th Cir. 2011); *United States v. White*, 406 F.3d 827, 831–32 (7th Cir. 2005). Resentencing on the restructured judgment will allow the district court to reconsider the entire "sentencing package." *Barnes*, 660 F.3d at 1007. Brooks originally received a total of 150 months for his § 922(g) convictions, which is 30 months above the statutory maximum for one § 922(g) conviction, *see* 18 U.S.C. § 924(a)(2); *United States v. Waltower*, 643 F.3d 572, 573 (7th Cir. 2011); *Vitrano v. United States*, 643 F.3d 229, 230 (7th Cir. 2011), and he received a consecutive sentence of

60 months for the § 924(c) conviction, for which the statutory maximum is life, *see* 18 U.S.C. § 924(c)(1)(A)(i); *United States v. Lucas*, 670 F.3d 784, 795–96 (7th Cir. 2012); *United States v. Sandoval*, 241 F.3d 549, 551 (7th Cir. 2001).

For the foregoing reasons, we AFFIRM Brooks's conviction for violating § 924(c) but VACATE the sentence and REMAND to the district court with instructions to dismiss one § 922(g) count, restructure the judgment, and resentence Brooks for the § 924(c) count and a single § 922(g) count.